TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00828-CR

Richard Ricardo Rivas, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 50,176, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

The district court adjudged appellant Richard Ricardo Rivas guilty of burglary of
a habitation and assessed punishment at imprisonment for twelve years. See Tex. Penal Code
Ann. § 30.02 (West Supp. 2000). Appellant's only point of error is that the court, through her
questioning at trial, manifested a bias and prejudice against him. We will overrule this contention
and affirm.

Appellant pleaded guilty. There was no plea-bargain agreement, and appellant
sought community supervision. In response to questions by his attorney, appellant expressed his
regret for having entered the complainant's house and sought to minimize his culpability by
suggesting that he had simply gone along with some friends. During cross-examination, appellant
acknowledged that he had been involved in other burglaries of both habitations and vehicles. 
After several back-and-forth rounds of questioning by defense counsel and the State, the court
questioned appellant regarding when the burglaries began, his role in them, and the reasons he
became involved. Appellant did not object to these questions, which he now contends placed the
court in the role of an advocate for the State.

A trial judge is permitted to question a witness when seeking information only, to
clarify a point, or to ask a witness to repeat something that the judge did not hear. See Moreno
v. State, 900 S.W.2d 357, 359 (Tex. App.--Texarkana 1995, no pet.). A judge who exceeds the
scope of this permissible questioning runs the risk of conveying her opinion of the case to the
jury, and of losing the neutral and detached role required for the fact finder and judge. See id. 
Because this was a bench trial, the only question presented is whether the court abandoned her
neutrality.

Most of the court's questions to appellant concerned matters previously gone into
by either defense counsel or the prosecutor. It is obvious that appellant did not object to the
questions because his trial strategy was to be, or at least appear to be, open and honest with the
court. The questions were not confrontational. Their purpose was not to elicit incriminating
facts, but to give appellant an opportunity to explain how a young man with no serious criminal
record could become involved in a series of burglaries. All of the court's questions were pertinent
to the issue of punishment and whether appellant should be placed on community supervision. 
The record does not reflect that the court became so entangled as an advocate that she could not
make fair and objective findings and conclusions.

The point of error is overruled and the judgment of conviction is affirmed.

 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 10, 2000

Do Not Publish